# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

v.  Criminal Action No. 1:15-cr-6-3

**MARCUS MCBRIDE,**
    **Defendant.**

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Marcus McBride, in person and by counsel, David Frame, appeared before me on March 27, 2015. The Government appeared by Assistant United States Attorney Shawn Morgan. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Eight of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. Counsel for the Government responded that a prior plea agreement had been offered to Defendant. That agreement contained a stipulation as to the offense level, including a stipulation that an enhancement for

possession of a firearm would apply. Defendant wanted to litigate that issue, and so the instant agreement was offered and accepted. The instant agreement does not contain such stipulation, but makes Defendant aware that the Government will argue that enhancement. Counsel for Defendant confirmed that he had discussed both agreements with Defendant, and Defendant agreed that the instant agreement was more favorable to him than the one previously offered. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed and found the requirements of Missouri v. Frye, 132 S. Ct. 1399 (2012), to be satisfied.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Marcus McBride, only after having had his rights fully explained to him and having a

full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Eight of the Indictment and the elements the Government would have to prove, charging him with maintaining a drug-involved premises–aiding and abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Eight of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Eight was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $500,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct. Do you understand that you have a very valuable right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals by filing notice of intent to appeal within 14 days of sentencing?

Def. Yes, Your Honor.

Ct. Do you also understand that under various habeas corpus statutes, including, but not limited to 28 U.S.C. § 2255, you may file a motion collaterally attacking and challenging your sentence, how that sentence was arrived at, and how it is being carried out?

Def. Yes, Your Honor.

Ct. Do you understand that under your written plea agreement, and I'm now referring to paragraph 13, based upon the concessions that the Government has made in its entry into this agreement, you are giving up–waiving–your right to directly appeal your conviction and your actual sentence to the Fourth Circuit Court of Appeals?

Def. Yes, Your Honor.

Ct. Except for any prosecutorial misconduct or ineffective assistance of counsel, you are also under that paragraph giving up your right to collaterally attack or challenge that sentence and how it was arrived at and how it's being carried out.

Def. Yes, Your Honor.

Ct. The only thing you're reserving to yourself is the ability to file a habeas corpus-type motion under 28 U.S.C. § 2255 of any prosecutorial misconduct or ineffective assistance of counsel that you discover existed in your case after today's hearing, is that correct?

Def. Yes, Your Honor.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def.   No, Your Honor.

Ct.   Do you know of any prosecutorial misconduct as you sit here today?

Def.   No, Your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Eight of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Eight of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation

report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

     Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

     The parties agreed that the Government would provide a proffer to establish an independent basis in fact for Defendant's plea. The Government proffered that this matter arose from the Greater

Harrison County Drug Task Force's investigation into the distribution of heroin and marijuana from 105 Ben Street in Clarksburg, West Virginia, within the Northern District of West Virginia. Such distribution occurred between September 2014 and December 18, 2014. During that time, numerous controlled purchases were made from that residence. The residence was managed and controlled by Defendant and co-defendants Jason Grant and Whitney Golden, and Defendant was a lessee and occupant of that residence. On December 3, 2014, a controlled purchase of marijuana was made from Defendant. On December 18, 2014, a confidential informant ("CI") made a purchase of marijuana and heroin from Grant. Defendant was present and was preparing a marijuana blunt during the transaction. On December 11, 2014, Defendant was present during another controlled buy. During that transaction, a black male racked the slide on a firearm. During another controlled purchase that occurred in December, 2014, Defendant distributed marijuana while Grant distributed heroin. Grant had a firearm on the night stand during the transaction. On December 18, 2014, Defendant gave a CI access, and the CI purchased heroin from Golden. On December 18, 2014, when the federal search warrant was executed, Defendant was present at the residence. Grant fled from the residence and was found in possession of a sour cream container that contained stamps of heroin, a round of ammunition, and currency. Officers located marijuana and packaging for both heroin and marijuana distribution in Defendant's bedroom. A firearm was located in Grant's bedroom.

Defendant stated he heard and understood the Government's proffer. The undersigned United States Magistrate Judge concludes the offense charged in Count Eight of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by the Government's proffer.

Thereupon, Defendant, Marcus McBride, with the consent of his counsel, David Frame, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Eight of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Eight of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Eight; Defendant made a knowing and voluntary plea of guilty to Count Eight of the Indictment; and Defendant's plea is independently supported by the Government's proffer which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Eight of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is released pursuant to the Order Setting Conditions of Release previously entered in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 27th day of March, 2015.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE